**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEBORAH WILCZEK,

    Defendant - Appellant.

No. 24-6204
(D.C. No. 5:23-CR-00216-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Deborah Wilczek pleaded guilty to two crimes and received a sentence within the advisory guidelines range. She appeals even though she waived nearly all appellate review in her plea agreement.

The government moves to enforce her appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Ms. Wilczek's attorney responded, saying it would be frivolous to oppose the government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967). Her attorney also requests leave to withdraw. We invited Ms. Wilczek to respond herself, but she has not done so.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would indeed be frivolous. *See id.* We think it would.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.*** Ms. Wilczek waived the right to appeal her convictions. And she waived her right to appeal her sentence unless it exceeded the guidelines range. But her sentence fell within the guidelines range, so her waiver covers this appeal.

***Knowing and voluntary waiver.*** The plea agreement and the plea colloquy show that Ms. Wilczek knowingly and voluntarily waived her right to appeal.

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. We see nothing suggesting that enforcing the waiver here will result in a miscarriage of justice.

2

*    *    *

We grant defense counsel leave to withdraw.  We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam